

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELTON L. DRUMMOND, #1119356

    Petitioner,

v.                                        2:09CV629

GENE M. JOHNSON,
Director of Virginia Department of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

### I. STATEMENT OF THE CASE

On November 2, 2006, in the Circuit Court of Accomack County, a jury convicted petitioner Elton L. Drummond ("petitioner" or "Drummond") of abduction, malicious maiming, and use of a firearm while committing or attempting to commit malicious wounding. During the sentencing phase of the trial, the jury sentenced him to a total of thirty-five years imprisonment. He received ten years for abduction, twenty years for malicious maiming, and five years for use of a firearm while

---

[1]This action was initially assigned to United States Magistrate Judge James E. Bradberry, who retired effective January 31, 2010. On February 1, 2010, this action was reassigned to Judge Bradberry's duly appointed successor, United States Magistrate Judge Douglas E. Miller, who was appointed effective February 1, 2010.

1

committing or attempting to commit malicious wounding. Additionally, the judge convicted the petitioner of one count of possession of a firearm by a felon, and sentenced petitioner to a term of five years imprisonment. In total, Drummond was sentenced to forty years imprisonment, and all sentences were ordered to run consecutively.

Drummond filed a notice of appeal with the Court of Appeals of Virginia on December 21, 2006, alleging that the evidence the Commonwealth presented at trial was insufficient to sustain his convictions. The court dismissed the petition on March 13, 2007, as not timely filed.[2] On April 6, 2007, petitioner filed a motion for a delayed appeal pursuant to Virginia Code § 19.2-321.1,[3] which the court granted on May 17, 2007. On November 8, 2007, the Court of Appeals of Virginia denied petitioner's delayed appeal, holding that the Commonwealth's evidence was not inherently incredible and was sufficient to prove his guilt beyond a reasonable doubt. Drummond v. Commonwealth, Record No. 1313-07-1, at 2 (unpublished order) (per curiam). Drummond filed a notice of appeal to the Supreme Court of Virginia, which refused his petition on May 9, 2008.

Following the direct appeal of his convictions, Drummond filed a motion to preserve evidence with the Accomack County Circuit Court. On July 11, 2008, the circuit court denied the motion, and on October 31, 2008 the Supreme Court of Virginia dismissed petitioner's appeal of the

---

[2]See Turner v. Commonwealth, 341 S.E. 2d 400 (Va. App. 1986) (holding that filing deadlines are mandatory, and petitioners who fail to file their appeals and transcripts according to the time limits set forth in Rules 5A:6(a) and 5A:3 of the Rules of the Supreme Court of Virginia, will be dismissed as not timely).

[3]When, due to the error, neglect, or fault of counsel or other officer of the court, an appellant who has previously had his petition dismissed as untimely, may motion for leave to pursue a delayed appeal within six months after the initial appeal was dismissed. Virginia Code § 19.2-321.1.

2

denial of the motion to preserve evidence, holding that the July 11, 2008 order was not an appealable order.[4] (Drummond v. Commonwealth, Record No. 081883) (unpublished order)).

On May 11, 2009, Drummond filed a petition for state habeas relief in the Supreme Court of Virginia, in which the petitioner asserted that counsel rendered ineffective assistance by 1) failing to call as a witness petitioner's first attorney ("Zaleski") to challenge the credibility of the victim, Ms. Lankford ("Lankford"), who identified Drummond as her assailant; and 2) failing to pursue ballistic testing on the bullets recovered from the crime scene. Also on May 11, 2009, Drummond filed a motion for leave to conduct discovery, which alleged that ballistic testing of the bullets that had been introduced into evidence was necessary to prove: 1) that the bullets were not from a 22-caliber firearm; and/or 2) that the bullets were not fired from Lankford's own 22-caliber firearm.[5]

On May 29, 2009, the Supreme Court of Virginia directed respondent to show cause as to why a writ of habeas corpus should not issue. As ordered, respondent filed a motion to dismiss the state habeas petition and a memorandum in support on July 6, 2009. On September 24, 2009, the Supreme Court of Virginia, considering both Drummond's petition for habeas relief and respondent's motion to dismiss, granted the motion and denied the writ. The court determined that petitioner's ineffective assistance of counsel claims failed to satisfy both the "performance" and "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. 688, 687 (1984).

---

[4] Although not raised in this petition, the Court notes that the grant or denial of a motion to preserve evidence under § 19.2-270.41 may not form the basis of relief in any habeas corpus proceedings. Virginia Code § 19.2-270.4:1(E).

[5] The Supreme Court denied petitioner's requests for leave to conduct discovery and for an evidentiary hearing on September 24, 2009.

3

On December 23, 2009, Drummond, proceeding pro se, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Drummond asserts the same grounds for relief raised in his state habeas petition: 1) counsel was ineffective for failing to call Zaleski "to the stand as direct evidence to challenge the veracity of Lankford's identification of petitioner as her assailant"; and 2) counsel was ineffective for failing to pursue ballistic testing of the bullets entered into evidence by the Commonwealth. On March 10, 2010, respondent filed its Rule 5 Answer and Motion to Dismiss, along with a brief in support. Petitioner replied on March 24, 2010, and on March 25, 2010 the Court received state court records of the prior proceedings. Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C.§ 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the Court agrees, that for purposes of federal review, Drummond's claims have been exhausted.

Once a petitioner's state remedies have been exhausted, a federal court still may not grant relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arises at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003).

In his petition, Drummond contends that he was denied his right to effective assistance of counsel and, consequently, his right to a fair trial under the Sixth Amendment. Specifically, Drummond argues that his constitutional right to counsel was violated when his trial counsel, Michael Fasanaro ("Fasanaro"): 1) failed to call petitioner's first attorney to challenge Lankford's veracity in identifying her assailant; and 2) failed to pursue ballistic testing of the bullets entered into evidence by the Commonwealth. In reviewing an ineffective assistance of counsel claim, the relevant inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). However, this presumption is not easily overcome, as "counsel is strongly

5

presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 687.

In order for Drummond to succeed on his ineffectiveness claims, he must satisfy both the "performance" and the "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. at 687.[6] To satisfy the "performance" prong of the test, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy the "prejudice" prong of the test, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.[7]

Drummond asserts that his attorney was ineffective for failing to call petitioner's former attorney as a witness to rebut Lankford's credibility. The record establishes that Lankford had previously told Zaleski that she did not know the identity of her assailant. This differed from other earlier statements and her testimony at trial when she identified Drummond as the person who shot her. Drummond argues that his counsel's decision not to call Zaleski in order to highlight Lankford's conflicting statements "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687. The Supreme Court of Virginia considered this claim on the merits and held that:

> The record, including the trial transcript of petitioner's second trial and the affidavit of Fasanaro, demonstrates that the victim, who was petitioner's former girlfriend, admitted that she told Zaleski she did not know who shot her. Zaleski's testimony

---

[6] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Drummond must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Circ. 1994); see Strickland, 466 U.S. at 697.

[7] The Supreme Court went on to define a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

6

> that the victim denied knowing who shot her, therefore, would merely have been cumulative. The record further establishes that the victim told a police officer that petitioner had shot her, and she testified at trial that petitioner was the assailant. Thus, the petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Drummond v. Dir. of the Dep't of Corrections, No. 091039, at 2 (Va. Sep. 24, 2009) (unpublished) (per curiam). Any evidence Zaleski may have offered concerning the conversation to which Lankford previously testified, would be cumulative and unnecessary. In not calling Zaleski to testify, petitioner's counsel did not fall short of the performance expected of him, and neither was Drummond injured as a result of counsel's decision, as all of the evidence in question was already on the record. Thus, according to the Supreme Court of Virginia, petitioner's first claim of ineffective assistance of counsel failed to satisfy either the "performance" or "prejudice" prong of the Strickland test.

Pursuant to § 2254, it is the duty of this Court to determine whether the Supreme Court of Virginia's decision on this point was either contrary to or an unreasonable application of federal law, or if its decision was based upon an unreasonable finding of facts. 28 U.S.C. §§ 2254(d)(1)-(2). Regarding the first determination, the United States Supreme Court has created a standard by which to measure reasonableness: "[w]here, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Since, under Strickland, a presumption of counsel rendering adequate assistance exists, the state court could reasonably conclude that the petitioner failed to rebut the presumption of adequate assistance. Yarborough, 540 U.S. at 9. Additionally, there is no evidence or argument that the finding of facts was unreasonable. As the Supreme Court of Virginia's

application of federal Sixth Amendment law to Drummond's habeas petition was not "objectively unreasonable," nor its finding of facts suspect, this claim must be dismissed.

Drummond next contends that Fasanaro rendered ineffective assistance because he failed to pursue ballistic testing of the bullets recovered from the crime scene and on Lankford's person. Drummond claims that such testing was necessary to dispute Lankford's testimony that she was shot by petitioner with her own 22-caliber pistol. However, the Virginia Supreme Court held that Drummond again failed to satisfy the Strickland test:

> The record, including the trial transcript, demonstrates that the victim testified that petitioner shot her five times, but she did not identify the gun or the caliber of the bullets, and her testimony would not have been contradicted even if ballistic testing showed either that the bullets were not 22-caliber bullets or were not fired from the victim's gun. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Drummond, No. 091039, at 3. In so ruling, the Supreme Court of Virginia determined that the gun and bullets were not introduced into evidence in this case because they were irrelevant to Lankford's identification of Drummond as her attacker. Since Lankford never testified to the caliber or ownership of the gun (nor was a gun ever produced at trial), petitioner's counsel did not err in failing to pursue such testing.

As stated above, pursuant to the deference given to the state habeas court's rulings under the AEDPA, this Court must determine only whether the Supreme Court of Virginia's holding satisfies 28 U.S.C. § 2254(d)(1)-(2). When the state court's application of federal law has been challenged, the petitioner must prove that the application was "objectively unreasonable," Yarborough, 540 U.S. at 5, or that the conclusion was opposite to what the Supreme Court decided, Williams, 529 U.S. at 413. Since petitioner failed to show that the Supreme Court of Virginia's application of federal law

8

was contrary to precedent or patently unreasonable, or that its decision was based on faulty facts, Drummond's second claim of ineffective assistance of counsel must also be dismissed.

## III. RECOMMENDATION

The Court recommends that Drummond's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED, and respondent's Motion to Dismiss be GRANTED.

Furthermore, Drummond has failed to demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue a certificate or appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this

Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

**Douglas E. Miller**
**United States Magistrate Judge**

Norfolk, Virginia
June 29, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Elton L. Drummond, #1119356
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, VA 23868

Jennifer Conrad Williamson
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

June 30, 2010